# IN THE COURT OF APPEALS OF IOWA

No. 20-0215
Filed April 14, 2021

**ALLEN KILLINGS,**
        Plaintiff-Appellant,

**vs.**

**STATE OF IOWA,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald, Judge.

Allen Killings appeals the order granting the State's motion for summary disposition and dismissing his second applications for postconviction relief. **AFFIRMED.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Doyle and Mullins, JJ. Gamble, S.J., takes no part.

**DOYLE, Judge.**

Allen Killings appeals the order granting the State's motion for summary disposition and dismissing his second applications for postconviction relief (PCR). The district court held Killings's application was untimely under Iowa Code section 822.3 (2018), which requires all PCR actions be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Procedendo issued on his first-degree murder conviction in 2010 and on his sexual-abuse and robbery convictions in 2011. *See State v. Killings*, No. 10-0858, 2011 WL 1781518 (Iowa Ct. App. May 11, 2011); *State v. Killings*, No. 09-0739, 2010 WL 3894161 (Iowa Ct. App. Oct. 6, 2010).

After procedendo issued in his direct appeals, Killings filed timely PCR applications in each case. The district court denied both applications, and this court affirmed on appeal. *Killings v. State*, No. 16-1123, 2017 WL 4049411 (Iowa Ct. App. Sept. 13, 2017); *Killings v. State*, No. 15-1061, 2017 WL 1735614 (Iowa Ct. App. May 3, 2017). Killings filed second PCR actions in each case in August 2018, after the three-year limitation period in section 822.3 expired. But Killings claims his second PCR applications fall under a narrow exception set forth in *Allison v. State*, 914 N.W.2d 866, 890-91 (Iowa 2018), allowing an applicant to claim ineffective assistance of PCR counsel in a second PCR action if filed promptly after the conclusion of the first.

The PCR court rejected Killings's claim that the *Allison* exception applies:

> As it relates to Polk County Case No. PCCE083384, procedendo was issued on Killings's first PCR application for the sexual assault and robbery convictions on November 2, 2017. His second PCR application on this charge was filed on August 9, 2018. There is nine months and seven days between the time of

procedendo and the time of the successive PCR application. This is not prompt.

Turning to Polk County Case No. PCCE083388, procedendo was issued on Killings'[s] first PCR related to the murder charge on June 29, 2017. Killings filed his second PCR in relation to the murder charge on August 13, 2018. There is one year, one month, and fifteen days between the time of procedendo and the time of the successive PCR application. This is also not prompt.

We agree that Killings's second PCR applications do not meet the requirements of the narrow exception in *Allison*. *See, e.g.*, *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *2 (Iowa Ct. App. Aug. 21, 2019) (noting a gap in the neighborhood of six months does not meet the definition of prompt); *see also Johnson v. State*, No. 19-1949, 2021 WL 210700, at *2 (Iowa Ct. App. Jan. 21, 2021) (collecting cases on the meaning of "filed promptly"). Because his second PCR applications are untimely under Iowa Code section 822.3, we affirm the order granting summary disposition and dismissing the applications.

**AFFIRMED.**